IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN CLAY, Independent Administrator of the Estate of LILLIE JONES, Deceased, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. ) |
| MANOR CARE OF SOUTH HOLLAND IL, L.L.C., | ) ) ) TRIAL BY JURY IS DEMANDED |
| Defendant. | ) |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, KAREN CLAY, Independent Administrator of the Estate of LILLIE JONES, Deceased, by and through her attorneys, THE ROOTH LAW FIRM, A Professional Corporation, and complaining against the Defendant, MANOR CARE OF SOUTH HOLLAND IL, L.L.C., states the following:

**JURISDICTION**

1. That Plaintiff, KAREN CLAY, is a citizen of the State of Illinois, domiciled in the City of Chicago, Illinois.

2. That at the time of her death, Plaintiff's decedent, LILLIE JONES, was a resident of the State of Illinois domiciled in Lynwood, Illinois.

3. That Defendant, MANOR CARE OF SOUTH HOLLAND IL, L.L.C. is a limited liability corporation incorporated under the laws of the State of Delaware with its principal place of business located in Toledo, Ohio.

4. That HCR IV HEALTHCARE, L.L.C. is the sole member and manager of Defendant, MANOR CARE OF SOUTH HOLLAND IL, L.L.C. and is a limited liability corporation incorporated under the laws of the State of Delaware with its principal place of business located in Toledo, Ohio.

5. That this cause involves an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interest.

6. That subject matter jurisdiction is proper pursuant to 28 U.S.C. Sec. 1332.

**VENUE**

1. That the occurrence giving rise to this litigation occurred within the Northern District of Illinois in the City of South Holland, Illinois.

2. That venue is proper within the Northern District of Illinois pursuant to 28. U.S.C. Section 1391.

**COUNT I**

1. That on and before February 8, 2018, and at all times relevant herein Defendant, MANOR CARE OF SOUTH HOLLAND IL, L.L.C., was a corporation that owned, operated, maintained, managed and was the licensee of a certain long-term skilled care facility commonly known as MANOR CARE OF SOUTH HOLLAND, located at 2145 East 170th Street, South Holland, Illinois.

2. That from February 2, 2018 through February 8, 2018, and at all times relevant herein, Plaintiff's decedent, LILLIE JONES, was a resident at MANOR CARE OF SOUTH HOLLAND.

3. That at the time and place referred to in Paragraph Two above, and at all times relevant herein, Defendant, MANOR CARE OF SOUTH HOLLAND IL, L.L.C., by and through its employees and agents, owed Plaintiff's decedent, LILLIE JONES, a duty to exercise reasonable and ordinary care for her safety in rendering custodial services pursuant to the Nursing Home Care Act, 210 ILCS 45/1-101, *et. seq*.

4. That at all times relevant herein, Defendant, MANOR CARE OF SOUTH HOLLAND, IL, L.L.C., received payment from Medicaid and/or Medicare to provide nursing home care, treatment and related services, and was subject to the requirements of 42 U.S.C. §1396r (1990) et seq., as amended by the Omnibus Budget Reconciliation Act of 1987 and Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for long-term facilities (hereinafter "OBRA REGULATIONS"), as effective on October 1, 1990.

5. That at all times relevant herein, Manor Care of South Holland was a "nursing facility" as defined by 42 U.S.C.A. § 1396r.

6. That notwithstanding the duty it owed to Plaintiff's decedent, LILLIE JONES, Defendant, MANOR CARE OF SOUTH HOLLAND IL, L.L.C., by and through its employees and agents, breached that duty by committing one or more of the following acts or omissions:

   a. Carelessly and negligently failing to make an accurate comprehensive assessment of Plaintiff's decedent's needs, including her risk for falls; or

   b. Carelessly and negligently failing to develop an adequate care plan for fall prevention; or

   c. Carelessly and negligently failing to protect Plaintiff's decedent from injury associated with falls; or

   d. Carelessly and negligently failing to prevent Plaintiff's decedent from falling; or

   e. Carelessly and negligently failing to monitor Plaintiff's decedent for significant changes in condition; or

   f. Carelessly and negligently failing to initiate adequate means of fall prevention; or

   g. Carelessly and negligently failing to recognize a change in Plaintiff's decedent's condition; or

   h. Carelessly and negligently failing to inform Plaintiff's decedent's physician of a change in her condition; or

   i. Carelessly and negligently failing to provide sufficient staffing so as to be able to provide adequate care to its residents; or

   j. Carelessly and negligently failing to adequately train its nursing staff, including registered nurses, licensed practical nurses and certified nursing aides.

7. That the acts and omissions referred to in Paragraph Six above, constitute "Neglect" with the meaning of the Illinois Nursing Home Care Act, 210 ILCS 45/1-101, et. seq.

8. That as a direct and proximate result of one or more of the foregoing acts or omissions of the Defendant, MANOR CARE OF SOUTH HOLLAND IL, L.L.C., by and through their employees and agents, Plaintiff's decedent, LILLIE JONES, suffered multiple falls on February 7, 2018 and February 8, 2018, which caused her to sustain a fractured femur and other injuries.

9. That as a further direct and proximate result of one or more of the foregoing acts or omissions of the Defendant, MANOR CARE OF SOUTH HOLLAND IL, L.L.C., by and through its employees and agents, Plaintiff's decedent, LILLIE JONES sustained serious and permanent personal injuries thereby causing her to endure great physical and emotional pain and suffering, further causing her to incur monetary expense in seeking the medical cure, care and treatment for said injuries further causing her to become disabled and unable to attend to the ordinary affairs of her life prior to her death pursuant to the Illinois Survival Act.

WHEREFORE, Plaintiff, KAREN CLAY, Independent Administrator of the Estate of LILLIE JONES, Deceased, prays for judgment against Defendant, MANOR CARE OF SOUTH HOLLAND IL, L.L.C., in the amount of ONE MILLION DOLLARS ($1,000,000.00), attorneys fees and costs pursuant to 210 ILCS 45/3-602.

s/Robert J. Rooth
Robert J. Rooth

Attorney for Plaintiff
THE ROOTH LAW FIRM, A Professional Corporation
1330 B Sherman Avenue
Evanston, Illinois 60201
847.869.9100
ARDC No.: 6188521

**JURY DEMAND**

NOW COMES Plaintiff, KAREN CLAY, Independent Administrator of the Estate of LILLIE JONES, Deceased, by and through her attorneys, Robert J. Rooth of THE ROOTH LAW FIRM, A Professional Corporation, and hereby demands trial by jury on all matters alleged herein.

s/Robert J. Rooth
Robert J. Rooth

Attorney for Plaintiff
THE ROOTH LAW FIRM, A Professional Corporation
1330 B Sherman Avenue
Evanston, Illinois 60201
847.869.9100
ARDC No.: 6188521